UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN THOMAS CONAWAY,<br><br>Defendant. | Case No. 1:18-cr-00341-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Shawn Conaway's Emergency Motion for Compassionate Release. Dkt. 44. The Government opposes the motion. Dkt. 45. After considering the briefing and record, the Court conclusively finds that the decisional process would not be significantly aided by oral argument. For the reasons that follow, the Court will deny the motion.

### BACKGROUND

In November 2018, Conaway was charged with attempted sex trafficking of children, and attempted travel with intent to engage in illicit sexual conduct. *PSR*, Dkt. 33 at 3. In consideration of his cooperation and applicable mitigating factors, the Government and Defendant agreed that Defendant would plead guilty to the

**MEMORANDUM DECISION AND ORDER - 1**

lesser offense, travel with intent to engage in illicit sexual conduct, and that he would serve a stipulated sentence of five years.

Conaway was arrested in connection with an internet-based child exploitation operation in Canyon County, Idaho. *PSR*, Dkt. 33 at 4. He responded to an ad on Boise Craigslist posted by an undercover officer. *Id.* The officer and the defendant exchanged text messages in which they conversed about the defendant having sexual intercourse with the officer and his underage girlfriend and about the defendant providing drugs to them. *Id.* at 5. Conaway initially told the officer he wasn't interested because the girlfriend was underage, but he later changed his mind. *Id.* The exchange resulted in Conaway driving from Baker City, Oregon to Caldwell, Idaho with marijuana, prescription medications, and alcohol, intending to give them to a fifteen-year-old girl in exchange for sex. *Id.*

Conaway has served approximately 17 months of his 60-month sentence. He is currently incarcerated at FCI Terminal Island, which has one inmate and 16 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed January 19, 2021).

Conaway is 47 years old. He suffers from chronic pulmonary obstructive disease (COPD) and emphysema and requires an oxygen concentrator to sleep. *Def. Br.*, Dkt. 44 at 3; *see also Def. Medical Records*, Dkt. 46 at 4. He has no prior

**MEMORANDUM DECISION AND ORDER - 2**

criminal history, apart from one charge of contempt of court in 1998. *PSR*, Dkt. 33 at 8. While incarcerated, he has not attended any classes relating to sex offender treatment, mental health treatment, thinking errors, or anything else related to rehabilitation. *Gov. Resp.*, Dkt. 45 at 7; Dkt. 45-1.

## LEGAL STANDARD

Mr. Conaway seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Conaway requested compassionate release from the Warden at FCI Terminal Island on May 19, 2020. Dkt. 44-2. On May 28, he was advised that his request was being considered, but he has received no further response. *Id.* Therefore, he has exhausted his remedies under § 3582(c)(1)(A) and his motion is ripe for consideration.

The Government acknowledges, and the Court finds, that Conaway has demonstrated extraordinary and compelling reasons for release based on his severe health conditions and the risk of exposure to COVID-19. Dkt. 45 at 2.

However, Conaway cannot demonstrate that the § 3553(a) factors warrant a reduction of his sentence. Conaway committed a serious crime, well-deserving of the 60-month sentence that he and the Government stipulated to in the plea agreement. Reducing Conaway's sentence to just 17 months would be inconsistent with 18 U.S.C. § 3553(a)(2)(A), which requires the Court to impose a sentence reflecting the seriousness of the offense.

Reducing Conaway's sentence would also fail to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). As the Government points out, a high percentage of child sex crimes go unreported, so law enforcement officers must proactively attempt to identify offenders by engaging in online undercover

MEMORANDUM DECISION AND ORDER - 4

operations. Dkt. 45 at 6. When offenders know of these operations and know that convicted defendants receive lengthy prison sentences, it is an increased deterrent for many potential offenders.

Most importantly, the Court finds that Conaway cannot be released because he is a danger to the community. As discussed, he committed a very serious crime. Defendant even acknowledges in his briefing that he "needs help." Dkt. 47 at 9. But while in prison, Conaway was unable to attend any classes or treatment programs that would give him the help he needs to safely return to the community. And as the Government points out, recidivism rates for child sex offenders are particularly high. Dkt. 45 at 8. The danger posed by Conaway far outweighs any extraordinary and compelling reasons for release. Accordingly, the Court will deny Conaway's motion.

## ORDER

**IT IS ORDERED** that Shawn Conaway's Emergency Motion for Compassionate Release (Dkt. 44) is **DENIED**.

DATED: January 30, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**